UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　v.<br>RUSSELL RISBECK,<br>　　　　Defendant. | Case No. 12-cr-00328-JSW-1<br><br>**ORDER TO SHOW CAUSE**<br>Re: Docket Nos. 89, 97 |

On November 12, 2013, without a plea agreement, Defendant Russell Risbeck ("Defendant") entered a guilty plea to three counts of sexual exploitation of children, in violation of 18 U.S.C. section 2251(a) and (e), and one count of possession of child pornography, in violation of 18 U.S.C. section 2252(a)(4)(B). Defendant also agreed that he committed the offenses charged in Counts One through Three while he was required to register as a sex offender under state law and, as to Count Three, while he was required to register as a sex offender under federal law. *See* 18 U.S.C. § 2206A. (Docket Nos. 68, 70.)

On April 29, 2014, the Court sentenced Defendant to a total term of imprisonment of 420 months, which consisted of: (1) a term of 300 months on Counts One through Three, to run concurrent with one another; (2) a term of imprisonment of 240 months on Count Four, to run concurrent with Counts One through Three; and (3) a term of imprisonment of 120 months on Count Five, to run consecutively to Counts One through Four. (Docket Nos. 81-82.)

On April 20, 2015, Defendant, acting *pro se*, filed a motion to vacate his sentence, pursuant to 28 U.S.C. section 2255. (Docket No. 89.) With leave of Court, Defendant filed a supplemental memorandum on September 4, 2015. (Docket No. 97.) On September 15, 2015, the Court granted Defendant's request for appointment of counsel. (Docket No. 101.) On April 11,

1    2016, Defendant, through counsel, informed the Court that he will stand on his existing motion.

2    (Docket No. 112.)

3    In his motion, Defendant raises six claims for relief, all of which refer to some degree to

4    Defendant's assertion that he has mental health issues that should have been, but were not,

5    presented as a defense and his assertions that counsel ignored these issues and forced him to plead

6    guilty without a plea agreement. Specifically, Defendant asserts that: (1) he was effectively

7    "abandoned" by counsel; (2) counsel was ineffective because he failed to conduct an adequate

8    investigation and failed to respond to pre-trial motions or to otherwise prepare for trial; (3) the

9    prosecutor engaged in misconduct, depriving Defendant of the right to a fair trial; and (4) the court

10   erred by failing to hold a competency hearing prior to accepting Defendant's guilty plea.

11   Defendant also asserts a claim based on double jeopardy, in which he argues that a prior

12   conviction, which had been subsequently set aside, was used to enhance his sentence. Finally,

13   Defendant argues that he is entitled to relief based on the cumulative effect of each of these

14   alleged errors. (*See generally* Docket No. 97.)

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

22 U.S.C. § 2255.

Thus, a hearing is required "whenever the record does not affirmatively manifest the factual or legal invalidity of the [movant's] claims." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982) (citation omitted). "A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714,

717 (9th Cir. 1984) (citations omitted).

The Court finds that a response from the Government is warranted.

1. The Government shall file with the court and serve on Defendant, within 30 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the Court should not "vacate, set aside or correct the sentence" being served by Defendant.  **If the Government requires additional time to respond, it shall file a request for an extension one week before the deadline for filing its answer expires.**

2. If Defendant wishes to respond to the answer, he shall do so by filing a reply with the court and serving it on the Government within 30 days of his receipt of the answer.  **If Defendant requires additional time to file his reply, he shall file a request for an extension one week before the deadline for filing the reply expires.**

**IT IS SO ORDERED.**

Dated:  April 14, 2016

_____
JEFFREY S. WHITE
United States District Judge

3